IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| JESSE JENKINS ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE NO. |
| METROPOLITAN LIFE ) | |
| INSURANCE COMPANY ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

**I. JURISDICTION AND PARTIES**

1.

This suit is brought and jurisdiction lies under the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1001, *et. seq.*

2.

Jurisdiction and venue are proper pursuant to 29 U.S.C. §1132.

3.

Plaintiff, Jesse Jenkins (hereinafter "Plaintiff"), is a citizen of the United States and of the State of Georgia.

4.

Defendant, Metropolitan Life Insurance Company (hereinafter "Defendant"), is a foreign corporation doing business for profit in Georgia.

5.

Defendant may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its registered agent, CT Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

6.

Defendant negotiated, maintained and administered the disability and life policies at issue in this Complaint.

## II. STATEMENT OF FACTS

7.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 6 stated above.

8.

Plaintiff's employer, J. C. White, contracted with Defendant to provide long term disability and life insurance benefits to its employees.

9.

At all times material to this action, insurance policies for long term disability and life insurance benefits were in full force and effect, constituting binding contracts between Defendant and J.C. White.

10.

Defendant pays long term disability insurance benefits and life insurance benefits to covered employees of J.C. White under the policies from its own assets.

11.

J.C. White offered long term disability and life insurance coverage to its employees as part of an overall welfare benefit plan, as defined under ERISA.

12.

Plaintiff was an insured employee under Defendant's long term disability and life insurance policies.

13.

Defendant administered the long term disability plan and the life insurance plan and made all decisions as to benefits payable to eligible employees of J.C. White.

14.

Under Defendant's long term disability policy, the definition of disabled or

disability means that, due to Sickness or as a direct result of accidental injury:

- you are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and
- you are unable to earn:
- during the Elimination Period in the next 24 months Sickness or accidental injury more than 80% of your Pre-Disability Earnings at your Own Occupation for any employer in your Local Economy.

15.

Under the life insurance policy, disability is defined as:

Total disability or totally disabled means that due an injury or sickness:

- You are unable to perform the material and substantial duties of Your regular job; and
- You are unable to perform any job for which You are fit by education, training or experience.

16.

Plaintiff worked for J.C. White as an Installation Manager with the responsibility to plan, direct and coordinate activities of designated projects to insure that the goals and the objective of the project were accomplished within the

prescribed time-frame and funding parameters by performing the duties personally or through subordinate supervisors, travel was a requirement of his job.

17.

Plaintiff ceased working on May 16, 2015 due to optic artery occlusion and complications caused by diabetes, prostrate cancer and hypertension.

18.

Defendant found Plaintiff disabled and paid benefits up to March 19, 2016.

19.

On March 18, 2016, Defendant denied continuing benefits stating that Plaintiff could work and that his only restriction is that he not perform any work that required finoccular vision.

20.

On March 18, 2016, Defendant denied continued life insurance protection stating that although Plaintiff was blind in one eye and it felt that he could not perform his pre-injury occupation, he could perform other occupations.

21.

On September 6, 2016, Plaintiff appealed the denial of long term disability benefits and life insurance protection benefits explaining that not only is Plaintiff

5

blind in one eye he has many problems associated with diabetic neuropathy and blindness and that he suffers from fatigue, sleep difficulties, the inability to stand, walk or sit for extended periods, memory loss, chronic numbness in his legs and arms, headaches and must make frequent trips to the bathroom.

22.

Plaintiff also explained that he suffers from dizziness, frequent urination, drowsiness and needs to lie down periodically.

23.

Plaintiff's doctor stated, in a questionnaire submitted with the appeal, that he would not be able to sustain gainful employment in any capacity.

24.

Plaintiff further explained that his other problems were high blood pressure, prostate cancer, kidney disease as well as intense headaches.

25.

Plaintiff also explained that he has a depth perception issues and coordination issues.

26.

Plaintiff also stated that Defendant had helped him obtain representation for his

Social Security disability benefits.

27.

On September 14, 2016, Plaintiff submitted additional medical records from his nephrologist.

28.

On September 26, 2016, Plaintiff submitted additional information to Defendant regarding his Social Security claim.

29.

On September 27, 2016, Plaintiff submitted updated medical records from Dr. Nancy Newman.

30.

On or about September 29, 2016, Plaintiff sent Defendant a letter explaining that he has been recently diagnosed with carpal tunnel syndrome in his right arm and hand.

31.

On October 17, 2016 and October 20, 2016, Defendant sent copies of two reports performed by independent physician consultants regarding Plaintiff.

32.

On November 16, 2016, Plaintiff sent a response to these reports from Plaintiff's doctor, Dr. Flicker, who did not believe that Plaintiff was capable of working and did not agree with these reports.

33.

Dr. Flicker further stated that he would be happy to talk to Defendant's doctors.

34.

On December 19, 2016, Defendant upheld its denial of continuing long term disability benefits relying on its outside medical reviewers.

35.

On December 19, 2016, that same day, Defendant also upheld its denial of life insurance protection benefits.

36.

Administrative remedies have been exhausted with regard to the long term disability benefits and the life insurance protection benefits.

37.

Defendant's denials of Plaintiff's claim for long term disability benefits and life insurance protection benefits are a breach of the terms of the Policies and a breach of

Defendant's fiduciary responsibilities to Plaintiff.

### III.  CLAIM FOR RELIEF

### ENTITLEMENT TO LONG TERM DISABILITY BENEFITS AND LIFE INSURANCE PROTECTION BENEFITS

38.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 37 stated above.

39.

Plaintiff is entitled to long term disability and life insurance protection benefits under Defendant's policies for the following reasons:

a.  These benefits are permitted under the plans;

b.  Plaintiff has satisfied all conditions for eligibility for receipt of these benefits;

c.  Plaintiff has not waived or otherwise relinquished his entitlement to these benefits.

40.

Defendant has refused to pay long term disability benefits and to waive life

insurance premiums despite substantial medical documentation. As a result of Defendant's failure to pay benefits and to waive premiums, he is entitled to relief as outlined below.

## IV.  RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment of this honorable Court against Defendant as follows:

(1) Find and hold Defendant owes Plaintiff disability benefits from March 19, 2016 and continuing plus award the maximum allowable interest on all back long term disability benefits;

(2) Reinstate Plaintiff's life insurance and waive all premiums from March 18, 2016 and continuing;

(3) Enjoin Defendant from any further prohibited acts against Plaintiff;

(4) Award Plaintiff attorneys' fees, including litigation expenses, and the cost of this action; and

(5) Grant other and further relief as may be just and proper.

This the 21st day of November, 2017.

ROGERS, HOFRICHTER & KARRH, LLC

   *s/Heather K. Karrh*
HEATHER KENDALL KARRH
Ga. State Bar No. 408379
225 S. Glynn St., Ste. A
Fayetteville, GA 30214
(770) 460-1118
hkarrh@rhlpc.com

Attorneys for Plaintiff